ESTATE OF BIENENSTOK: MARYLAND CASUALTY COMPANY, Appellant, vs. JOHN and others, Trustees, and another, Respondents.

*April 7—October 11, 1932.*

678

For the appellant there were briefs by *James E. Coleman,* attorney, and oral argument by *Carl R. Becker,* both of Milwaukee.

For the respondent Leone F. Bienenstok, executrix, there were briefs by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish* and *W. H. Voss* of counsel, all of Milwaukee, and oral argument by *Mr. Fish.*

For the respondent trustees of Milwaukee Tank Works, Inc., there was a brief by *Bender, Trump, McIntyre &*

*Freeman* of Milwaukee, and oral argument by *Eugene L. McIntyre*.

The following opinion was filed May 10, 1932:

FOWLER, J. The county judge made no formal findings of fact and conclusions of law but stated orally the grounds upon which he dismissed the petition, which were that the Casualty Company knew all about the negotiations for settlement of the Tank Works' claim and all about the proceedings had by the trustees and by the court; that it was informed by the attorneys of the trustees many months prior to the hearing at which the settlement was approved by the court that the Casualty Company's position was merely that of a general creditor of the Tank Works and that the Casualty Company, although all the time fully aware of the situation, had not filed any contingent claim against the estate.

Two of the grounds assigned by the county judge for dismissal of the petition seem not to have been well taken. The petitioner was not required to file a contingent claim. Right to subrogation never arises until payment is made, and the petitioner's such right, if it had any, did not arise until it had made the payments upon its bond. By waiting to present its petition for subrogation until it made its payments the petitioner lost no right. That the petitioner was informed by the trustees that they claimed its position was that of a general creditor was entirely beside the case. But that the petitioner knew all about the settlement and the proceedings leading up to the order confirming it and refrained from objecting thereto constituted a waiver of any right to attack the order. The appropriate time to assert the right to object to the order, if any the petitioner had, was before the order was entered. Mr. Tuteur, the attorney for the Tank Works who negotiated the settlement and

procured its approval by the court, testified to a conversation with Mr. McCauley, an attorney for the petitioner, to the effect that Mr. McCauley stated that the petitioner made no claim to subrogation, that he considered that it had no right to subrogation, that the petitioner was going to collect its claim from the Tank Works and was not interested in any claim against the estate. Upon this evidence the county judge might well have specifically found that the petitioner renounced interest in the Tank Works' claim and disaffirmed any claim to subrogation and that the Tank Works proceeded to effect the settlement and procure its approval in reliance on such renunciation and disaffirmance. We should presume that the county judge considered the facts to be as above stated if that be necessary to support the order of dismissal, especially as he stated in announcing his decision that "Mr. Tuteur was frank, open, honest, and fair in all of his dealings with Mr. McCauley and Mr. Coleman, telling them of the exact situation and in no manner deceiving, misleading, or misrepresenting any proposition to them relative to this estate." Taking position as indicated constituted a waiver of the petitioner's right to assert a claim to subrogation. *Swedish Am. Nat. Bank v. Koebernick,* 136 Wis. 473, 117 N. W. 1020; *McDonald v. Markesan Canning Co.* 142 Wis. 251, 125 N. W. 444; *Somers v. Germania Nat. Bank,* 152 Wis. 210, 138 N. W. 713. This is especially applicable to the motion to vacate the order approving the settlement and allowing the claim and for a new trial. And it is especially applicable to the claim to subrogation to the Tank Works' right to the $1,500 allowed on its claim because the amount was not allowed in settlement of a single claim of the Tank Works to damages, but of that claim and a claim on account of overdrafts made by Bienenstok and of a counterclaim by the estate to unpaid salary due Bienenstok at his death. There was no designa-

tion by the parties or determination by the court of the amount allowed on the claim for damages.

The respondents contend that the doctrine of subrogation does not apply to the situation involved, but dismissal of the petition on the grounds stated renders it unnecessary to consider that contention.

*By the Court.*—The order of the county court is affirmed.

A motion for a rehearing was denied, with $25 costs, on October 11, 1932.